IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2111-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| NORMAN PAUL FELTS, | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motions to substitute attorney (DE 58), for reconsideration (DE 61), and to disqualify judge (DE 63, 64). Petitioner filed a response in opposition to respondent's motion for reconsideration. Also before the court is respondent's ex parte motion for updated court order (DE 60).

A. Motions to Disqualify (DE 63, 64)

The court begins with respondent's motion to disqualify the undersigned, which the court construes as a motion for recusal. Respondent argues the court has exhibited bias against him by the following actions: 1) denying his motions to represent himself and for substitute counsel; 2) allowing the commitment hearing to proceed; 3) committing respondent pursuant to 18 U.S.C. § 4248; 4) refusing to set a court date for six months following the commitment hearing; 5) conspiring with respondent's attorney to abandon respondent; 6) taking no action after learning respondent's attorney perjured himself; and 7) ignoring respondent's filings in the instant case.

Title 28 U.S.C. § 455(a) provides that all "judge[s] of the United States" have a duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be

questioned." Federal judges also should disqualify themselves if they have "a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, to be disqualifying, bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984).

As noted, respondent's motion for recusal is based on respondent's disagreement with the court's substantive rulings and management of the case. These circumstances do not establish and extrajudicial source of bias or otherwise warrant recusal. See Litkey, 510 U.S. at 555; Shaw, 733 F.2d at 308. Respondent offers no other evidence of bias, nor is there any apparent from the record. Accordingly, respondent's motion for recusal is denied.

B. Motion for Reconsideration (DE 61)

The court now turns to respondent's motion for reconsideration of the court's August 8, 2022, order denying his motion for self-representation and its September 16, 2022, order committing respondent pursuant to 18 U.S.C. § 4248. Respondent argues the court erred when it denied his motion for self-representation without holding a hearing when respondent stated in his motion he did not file the motion as a delay tactic. (Mot. Recons. (DE 61) at 2–4). Respondent also contends the court erred in committing him because of the following: 1) the prosecutor stated at hearing that respondent stated at deposition that he had a family member live to be 104 years old which was untrue; 2) testifying expert Dr. Justin Rigsby's ("Rigsby") evaluation of respondent was fatally defective because he opined that he determined to "a reasonable degree of professional certainty" that respondent was a sexually dangerous person when the proper standard was by "clear

and convincing" evidence; 3) testifying expert Dr. Jeffery Davis ("Davis") improperly utilized respondent's actions from 30 years ago to determine respondent was sexually dangerous; 4) the court relied in part on expert Dr. Joseph J. Plaud's ("Plaud") evaluation of respondent although Plaud did not testify at hearing; 5) Plaud has a history of arbitrarily determining some respondents, including the instant respondent, are sexually dangerous to appear more credible to the court.  (Id. at 4–14).

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds.  Fed. R. Civ. P. 60(b).  "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances."  See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017).  If the moving party makes this threshold showing, the party must demonstrate the judgment should be vacated based on one of the grounds set forth in Rule 60(b).  In addition, "[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal."  Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); see also Ackermann v. United States, 340 U.S. 193, 198–200 (1950).

Here, the court is not required to hold a hearing upon a motion for self-representation.  See Faretta v. California, 422 U.S. 806 (1975) (providing standard for self-representation); (Koon v. Rushton, 364 F. App'x 22, 27 n.1 (4th Cir. 2010) (noting Faretta does not require a formal hearing).  Moreover, the court's denial of respondent's motion for self-representation was based not only on its use as a delay tactic, but also on its use as a tool to manipulate the proceedings.  (See Aug. 8, 2022, Ord. (DE 40) at 2).  Respondent does not provide further basis for reversing the denial of

3

the August 8, 2022, order.

Respondent's contentions regarding the court's September 16, 2022, order are also meritless. At hearing, respondent clarified that none of his family members lived to be 104 years old. He also cross examined both Davis and Rigsby on their opinions that respondent was a sexually dangerous person. Concerning respondent's argument that Rigsby erred by not using the "clear and convincing" standard in his evaluation, such an argument misunderstands the law. It was the petitioner's burden to prove, and the court must have found respondent was a sexually dangerous person by clear and convincing evidence. See 18 U.S.C. § 4248(d). That burden does not apply to testifying experts. Lastly, regarding respondent's objections to the court's consideration of Plaud's evaluation of respondent, respondent failed to object to Plaud's evaluation being admitted at hearing. Accordingly, respondent fails to establish the court committed an error of law or fact in its August 8 and September 16, 2022, orders.

C.  Motion for Updated Court Order (DE 60)

The court now considers respondent's motion for updated court order.[1] He seeks a court date in February 2023 for a follow-up hearing to address his progress in the Commitment and Treatment Program ("CTP") at Butner Federal Correctional Institution. (Mot. Updated Ord. (DE 60) at 2). He also seeks an order directing his treatment providers to submit a report regarding his progress. (Id.). Respondent argues that the court "clearly and unequivocally wanted [him] back before the court in six months." (Id.).

---

[1] As noted, the motion for updated court order was filed ex parte. There is no basis in law or fact for this filing to be sealed or ex parte. See Doe v. Pub. Citizen, 749 F.3d 246, 265-66 (4th Cir. 2014); In re Pruett, 133 F.3d 275, 279 (4th Cir. 1997) (party seeking to file ex parte must identify statute or rule that permits ex parte consideration). Accordingly, the court will direct the clerk to remove the ex parte designation on the docket.

Title 18 U.S.C. § 4247(h) provides that a committed respondent may "file a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed." However, § 4247(h) "does not require the Court to conduct a hearing merely because a committed person has waited the required 180 days and then requests one," and a committee's request for a hearing may be denied. United States v. Barrett, No. 5:07-HC-2097-FL, at p. 3 (E.D.N.C. October 30, 2012). Compare 18 U.S.C. § 4247(h), with 18 U.S.C. § 4248(a) (stating that "[t]he court *shall* order a hearing" if the Attorney General or his designee certifies a person as being sexually dangerous) (emphasis added), and 18 U.S.C. § 4248(f) (stating that the court "*shall*" conduct a hearing if a committed person who is conditionally released fails to comply with a prescribed treatment regimen) (emphasis added). Therefore, a request for a hearing pursuant to § 4247(h) must, *inter alia*, state with particularity "the extent to which . . . [the committee's] psychological/psychiatric condition has improved since he was committed" and "what, if anything, [the committee] has done to meet the conditions of release specified in § 4248(d)(2)." Barrett, No. 5:07-HC-2097-FL, at pp. 5–6. Failure to make such a showing shall result in denial of the request. Id. See also, United States v. Atherton, No. 5:07-HC-2200-FL (E.D.N.C. October 9, 2013).

Here, respondent has not submitted any evidence in support of his request. Although he argues he now actively participates in CTP, he does not present any new factual allegations bearing on his sexual dangerousness. (See Mot. Updated Ord. (DE 60) at 2–3). Moreover, respondent is incorrect that the court "clearly and unequivocally" sought a review hearing in respondent's case. Instead, the court addressed the *possibility* of a six-month review hearing should it receive

5

a status report from petitioner.² Accordingly, respondent's motion is denied.

D. Motion for Substitute Attorney (DE 58)

Lastly, the court addresses respondent's motion for substitute attorney. The court refers this motion to United States Magistrate Judge Robert T. Numbers.

## CONCLUSION

Based on the foregoing, respondent's motions for updated court order (DE 60), for reconsideration (DE 61), and to disqualify judge (DE 63, 64) are DENIED. The clerk is DIRECTED to remove the ex parte designation from docket entry 60 and provide petitioner notice of the filing. Respondent's motion to substitute attorney (DE 58) is REFERRED to United States Magistrate Judge Robert T. Numbers, II.

SO ORDERED, this the 19th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

---

² "The director of the facility in which [a 4248 respondent] is committed . . . shall prepare annual reports concerning the mental condition of [respondent] and containing recommendations concerning the need for his continued commitment." 18 U.S.C. 4247(e).